IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAISER FOUNDATION HOSPITALS and THE PERMANENTE GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA NURSES ASSOCIATION, <br><br> Defendant. | Case No. 11-5588 SC <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND STRIKE |

**I.   INTRODUCTION**

Plaintiffs Kaiser Foundation Hospitals and the Permanente Group, Inc. (collectively, "Kaiser") filed this action in response to a September 2011 strike organized by Defendant California Nurses Association ("CNA"). Kaiser alleges that the strike violated the terms of the parties' Collective Bargaining Agreement ("CBA") and seeks an order compelling CNA to submit the dispute concerning the strike to final and binding arbitration. ECF No. 1 ("Compl."). Now before the Court is CNA's motion to dismiss and strike Kaiser's Complaint. ECF No. 5 ("MTD"). This motion is fully briefed. ECF Nos. 6 ("Opp'n"), 9 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for determination without oral argument. For the following reasons, the Court DENIES CNA's motion to dismiss and strike Kaiser's Complaint.

## II. BACKGROUND

As it must on Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded allegations in Kaiser's Complaint as true. Kaiser is comprised of a public benefit corporation and professional corporation that cooperate in a program to provide health and medical services to patients in Northern California. Compl. ¶ 11. CNA is a labor union and has been the recognized bargaining representative for Kaiser's registered nurses since at least 1970. Id. ¶ 13.

In February 2011, the parties entered into a CBA that became effective on September 1, 2011 and is set to expire on August 31, 2014. Id. ¶ 28. The agreement contains a no-strike provision, which provides:

> There shall be no strikes, lockouts or other stoppages or interruptions of work during the life of this Agreement. All disputes arising under this Agreement shall be settled in accordance with the [grievance] procedure outlined above.

ECF No. 5-2 ("Grabelle Decl.") Ex. A ("CBA") § 4023.[1]

Kaiser alleges that CNA breached the no-strike clause and engaged in strike activity for a period of 24 hours, beginning at 6:00 AM on September 22, 2011. Compl. ¶ 38. Before the strike, CNA served Kaiser with notice of its intent to conduct a "sympathy strike" in support of workers represented by the National Union of HealthCare Workers ("NUHW") and employed by Kaiser in Northern California. Id. ¶ 38. Kaiser alleges that CNA's declaration that

---

[1] The Court takes judicial notice of the CBA as Kaiser's claim depends on its contents and the parties do not dispute its authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

2

the September strike was a sympathy strike was a "ruse" designed to avoid the legally binding no-strike clause in the CBA. Id. ¶ 40.

On November 17, 2011, Kaiser filed the instant action in federal court, asserting claims for (1) specific performance under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (2) an order compelling arbitration under the Federal Arbitration Act, 9 U.S.C. § 4. Id. ¶¶ 63-76. Kaiser seeks an order compelling CNA to arbitrate Kaiser's grievance over CNA's allegedly unlawful strike activities pursuant to the grievance and arbitration provisions of the CBA. Id. at 17.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair

1  notice to the opposing party of the nature of the claim so that the
2  party may effectively defend against it" and "sufficiently
3  plausible" such that "it is not unfair to require the opposing
4  party to be subjected to the expense of discovery." Starr v. Baca,
5  633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

CNA argues that Kaiser's Complaint should be dismissed because (1) Kaiser does not have the right to submit its grievance over the strike to arbitration and (2) CNA's strike was a sympathy strike and such strikes are not prohibited under the CBA. CNA also moves to strike much of the Complaint under Federal Rule of Civil Procedure 12(f). The Court addresses each argument in turn.

**A. Kaiser's Right to Arbitrate**

CNA moves to dismiss Kaiser's action on the grounds that the CBA does not permit Kaiser to file grievances or demand arbitration. MTD at 2-6. Kaiser responds that the CBA is at least ambiguous about whether Kaiser may file grievances and any ambiguity should be resolved in favor of arbitration. Opp'n at 7-12. The Court agrees with Kaiser.

Whether a party has a duty or right to arbitrate is a matter of contract between the parties. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 (1962), overruled on other grounds by Boys Mkts., Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235 (1970). Under the LMRA, "an order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible [to] an interpretation that covers the asserted dispute." AT&T Techs. v.

4

Commc'n Workers of Am., 475 U.S. 643, 650 (1986).  Thus, "where the contract contains an arbitration clause, there is a presumption of arbitrability[.]"  Id.  "In labor contracts with arbitration clauses, the presumption of arbitrability is very strong."  Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. Gen. Bldg. Contractor, Inc., 952 F.2d 1073, 1076 (9th Cir. 1991).  "Doubts should be resolved in favor of coverage."  United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 583 (1960).  "The party contesting arbitrability bears the burden of demonstrating how the language in the [CBA] excludes a particular dispute from arbitration."  Standard Concrete Prods. v. Gen. Truck Drivers, Office, Food & Warehouse Union, Local 952, 353 F.3d 668, 674 (9th Cir. 2003).  The strong presumption in favor of arbitrating labor disputes may be overcome where the plain language of the CBA refers only to employee initiated grievances.  See id. at 673-675.

In the instant action, the pertinent language in section 4001 of the CBA states that:

> The [CNA], as the exclusive bargaining representative of employees in the bargaining unit, has the sole and exclusive right to file, pursue, withdraw or resolve grievances at any step of the procedure.  The parties agree that the grievance/arbitration procedure is the sole and exclusive remedy for any and all disputes or rights arising from or relating to this Agreement.

CBA § 4001.  CNA argues that the first sentence of Section 4001 warrants dismissal of Kaiser's demand for arbitration since it states that the CNA has "the sole and exclusive right" to file grievances.  MTD at 5.  Kaiser responds that the next sentence of Section 4001, which requires arbitration of "all disputes," would

5

be rendered meaningless if only one party could invoke arbitration. Id. at 9.

The Court agrees with Kaiser. The CBA is at least ambiguous as to whether Kaiser may submit a matter to arbitration. While the CBA clearly states that only the CNA may file a grievance on behalf of an employee, the CBA is less clear about whether Kaiser may submit a grievance for arbitration. Further, as the CBA states that arbitration is the "sole and exclusive remedy for any and all disputes or rights arising from or relating to [the CBA]," to read the CBA to mean that Kaiser cannot initiate arbitration proceedings would leave Kaiser without a legal remedy if CNA were to breach the terms of the agreement.

Contrary to CNA's position, this case is distinguishable from Standard Concrete, where the Ninth Circuit found that a CBA did not require an employer to arbitrate. In Standard Concrete, the first two steps of the relevant grievance procedure "describe[d] only the Union's and the employees' duties in initiating a grievance against [the employer]." 353 F.3d at 674-75. In the instant action, the steps of the grievance procedure are silent as to who may initiate a grievance. Specifically, under the Kaiser/CNA CBA, "[t]he first step of the grievance procedure shall be the discussion with the Nurse's immediate supervisor the Director of Nursing." CBA § 4002. The CBA goes on to state: "[a] grievance appealed to the second step of the grievance procedure shall be discussed by the employee and Nurse Representative or Association Representative and the Human Resources Consultant or designee[.]" Id. § 4404. While these steps make more sense in the context of a grievance filed by

CNA on behalf of a nurse, it is conceivable that they could be applied to a dispute filed by Kaiser.[2]

Additionally, Kaiser has indicated that it is prepared to present extrinsic evidence that the language concerning CNA's "sole and exclusive" right to file a grievance was included in the CBA to clarify that CNA, and not any individual employee, controlled the grievance procedure on behalf of the employee. Opp'n at 11. The Court may not and does not consider such extrinsic evidence on a motion to dismiss. However, the Court will not deny Kaiser the opportunity to present this evidence at the appropriate time.

As the CBA's language is ambiguous, and any doubts should be resolved in favor of arbitrability, the Court declines to find that Kaiser lacks the right to file a grievance over the September 2011 strike.

### B. CNA's Right to Engage in Sympathy Strikes

CNA also argues that Kaiser's action should be dismissed because the September 2011 strike constituted a sympathy strike and the CBA does not prohibit such actions. The Court cannot decide such factual issues at the pleading stage. On a motion to dismiss, the Court must accept all well-pleaded facts as true. Iqbal, 129 S. Ct. at 1950. Kaiser has alleged that the September 2011 strike was not a sympathy strike and that CNA's declarations to the contrary were a ruse. Compl. ¶ 40. Kaiser has also pled a number of specific facts to support this contention. See id. ¶ 41-51.

---

[2] Further, it is unclear whether the CBA in Standard Concrete, like the CBA in the instant action, included language requiring all disputes arising under the agreement to be submitted to arbitration.

7

Determining whether or not Kaiser's allegations are true is a factual issue for another day.

For these reasons, and for the reasons set forth in Section IV.A above, the Court DENIES CNA's motion to dismiss.

### C. CNA's Motion to Strike

CNA also moves to strike over one-third of the paragraphs in Kaiser's 78-paragraph Complaint, arguing they are "redundant, immaterial, impertinent or scandalous." Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." MTD at 9-10. Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

CNA's motion to strike fails to clear the high standard set by Rule 12(f). CNA seeks to strike almost all of the background facts alleged in the Complaint. These facts provide the Court with a fuller understanding of the dispute and the Court does not see how they could be considered redundant, immaterial, impertinent or scandalous. CNA obviously disagrees with many of the facts pled by Kaiser, and CNA will have an opportunity to challenge these allegations as the case proceeds. The Court declines to strike

1 these factual allegations merely because they provide background
2 information or because they portray CNA in an unfavorable light.
3     CNA argues that certain background factual allegations should
4 be struck because they will "needlessly stretch the scope of
5 discovery beyond the logical limits of the legal claims." MTD at
6 10. This argument lacks merit. A party is not entitled to
7 discovery of a factual issue merely because it is alleged in the
8 pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly
9 limits the scope of discovery to "any nonprivileged matter this is
10 relevant to any party's claim or defense."
11     In addition to background factual allegations, CNA also moves
12 to strike Kaiser's demand for a jury trial. However, a Rule 12(f)
13 motion is the wrong the vehicle to challenge a jury trial demand.
14 See Whittlestone, Inc., v. Handi-Craft Co., 618 F.3d 970, 973-74
15 (9th Cir. 2010) (narrowly interpreting the terms "insufficient
16 defense," "redundant," "immaterial," "impertinent," and
17 "scandalous" in the context of Rule 12(f)). If CNA wishes to
18 challenge Kaiser's demand for a jury trial, it should do so through
19 a motion brought under Federal Rule of Civil Procedure 39.
20     Accordingly, CNA's motion to strike is DENIED.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**V.     CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant California Nurses Association's motion to dismiss and strike. A status conference is set for Friday, March 9, 2012 at 10:00 A.M. in Courtroom 1 - 17th Floor, 450 Golden Gate Avenue, San Francisco, California. The parties are to file one Joint Case Management Conference Statement seven days prior to the conference.

IT IS SO ORDERED.

Dated:    February 10, 2012     _____
                                UNITED STATES DISTRICT JUDGE